## In re INTOXICATING LIQUORS.

(District Court, N. D. Texas. August 22, 1923.)

1. **Intoxicating liquors** ⬅️255—**Court cannot order delivery to marshal for distribution for medicinal, etc., purposes.**

National Prohibition Act, § 27, providing that court may order liquor subject to destruction to be delivered to department or agency of the United States government for medicinal, mechanical, or scientific uses, does not authorize court to order it delivered to marshal for free distribution for such uses to persons unable to purchase it.

2. **Intoxicating liquors** ⬅️255—**Court may order sales of confiscated liquors to holders of permits.**

Under National Prohibition Act; § 27, authorizing the court to order liquor subject to destruction to be sold at private sale for medicinal, mechanical, or scientific uses, to persons having a permit to purchase them, the court may order properly safeguarded sales in such quantities as permit authorizes.

In the Matter of Certain Intoxicating Liquors. On application for order as to disposition. Application denied.

Henry Zweifel, Dist. Atty., of Dallas, Tex., for the United States.

ATWELL, District Judge. [1] The application which is now before me is not unlike many others that are constantly being made to the officials of this district by physicians and patients for liquors to be used for those who are unable to purchase them.

In the enforcement of the prohibition laws the prohibition agents, both state and federal, confiscate quantities of liquors, some of which are said to be good. These liquors are, after the trial of the persons who had them in their possession illegally, ordered destroyed. It has been my rule to require the production of the liquors in court when the case is tried and after the final disposition of the case to certainly know that the liquors were destroyed.

The medical profession contend that for certain ailments alcoholic beverages are beneficial. It seems a waste to destroy that which may be of use if it can be legally distributed for such use.

Whether the court has the power under existing law to order liquor given or sold for such medicinal purpose has been a perplexing question and a question about which there has been considerable difference in the minds of the judges.

Section 27 of the Prohibition Act, 41 Statute at Large, 316, reads as follows:

"In all cases in which intoxicating liquors may be subject to be destroyed under the provisions of this act the court shall have jurisdiction upon the application of the United States attorney to order them delivered to any department or agency of the United States government for medicinal, mechanical, or scientific uses, or to order the same sold at private sale for such purposes to any person having a permit to purchase liquor the proceeds to be covered into the treasury of the United States to the credit of miscellaneous receipts, and all liquor heretofore seized in any suit or proceeding brought for violation of law may likewise be so disposed of, if not claimed within sixty days from the date this section takes effect."

Some have contended that a proper construction of this section would authorize the court to order the liquors delivered to the marshal for "medicinal, mechanical or scientific uses"; that the marshal was a "department and agency of the United States government."

I am clearly of the opinion that such construction of the section is erroneous.

When Mr. Gregory was Attorney General of the United States, he wrote the chairman of the committee on the judiciary, March 14, 1918, advising that liquors that had been seized under the Reed Amendment (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 8739a, 10387a–10387c), and section 240 of the Penal Code (Comp. St. § 10410), were presenting serious storage difficulties in the government buildings and that some legislation providing for their disposition was necessary.

A proposed law was discussed, such statute being similar to section 27, quoted above.

I am informed by Assistant United States Attorney General Willebrandt that the files of the Department of Justice disclose that in the interchange of views between the chairman of the congressional committee and General Frierson, under whose immediate supervision the suggestions were interchanged, the following was written:

"It is possible that the War Department, or some other branch of the government, may be able to use these liquors to advantage for medicinal, mechanical or scientific purposes, and hence, section 4 (the proposed new statute) authorizes the court instead of directing their destruction, to order them, upon the motion of the district attorney, to be turned over to any department of the government for such use."

The record of the debates in the Congress as well as the committee reports contain nothing that indicates that the Congress had any different view with reference to the use to be made of and under the proposed section.

It will be noted that the memorandum above mentioned clearly indicates that such liquors were to be sold to a department of the federal government for the mentioned uses. The War Department is named as a branch of the government where alcohol, both for hospital and ordnance work, could be used to advantage.

Again, section 27 authorizes the private sale of such liquors for such purposes to any person having a permit to purchase liquor. Section 6 of the act provides the meaning of permits and to whom they may be issued.

The act provides the machinery whereby the individual citizen may secure liquors for legal purposes and gives the physician the power to issue prescriptions for medicinal liquor.

It is not for me to question the wisdom of the legislation. I merely declare it as I see it.

[2] That portion of section 27 which reads, " * * * or to order the same sold at private sale for such purposes [medicinal, mechanical or scientific uses], to any person having a permit to purchase liquor," may be so construed as to permit the court, when the individual has secured from the proper prohibition enforcement officer a permit, to

order properly safeguarded sales in such quantities as the permit authorizes.

Otherwise it is impossible to allow the officers of the court to furnish liquors to any person. They must be destroyed in accordance with the law. The application is denied.